UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARNELL McAFEE,

                      Petitioner,

                                              CIVIL CASE NO. 05-40282

v.

CITY OF DETROIT, REAL ESTATE            HONORABLE PAUL V. GADOLA
DEVELOPMENT DIVISION,                           U.S. DISTRICT COURT
MARY ROSE MAC MILLIAN,
KIM L. HOMAN, JOSEPH G. ROGALSKI,
and URSULA K. HENRY,

                      Respondents.
                                     /

## ORDER OF DISMISSAL

This matter is pending before the Court on a petition for the writ of habeas corpus, filed on September 7, 2005. The named petitioner is Garnell McAfee, but the petition was submitted and signed by Hakeem Rasheed, who describes himself as a lawful man, the real party in interest, a fiduciary, and a co-petitioner. The named respondents are the City of Detroit and its real estate development division, Mary Rose MacMillian, Kim L. Homan, Joseph G. Rogalski, and Ursula K. Henry.

The habeas petition is actually directed to Ms. MacMillian. It directs her to answer sixty-eight questions concerning the restraint on petitioner McAfee and his property. In a "Notice of International Commercial Claim" filed on September 23, 2005, and in a "Security Agreement" filed on September 29, 2005, Mr. Rasheed purports to be a secured party, and he relies on the Uniform Commercial Code ("UCC") as a basis for relief.

The writ of habeas corpus extends to people, not land, and, more specifically, to prisoners who are in custody. *See* 28 U.S.C. § 2241(c). The traditional purpose of the writ of habeas corpus is to obtain release from unlawful confinement. *Wilkinson v. Dotson,* __ U.S. __, __, 125 S. Ct. 1242, 1246 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 486 (1973)).

Petitioner does not appear to be a prisoner or "in custody." In addition, the habeas petition does not state any cognizable grounds for relief. It merely consists of questions directed to respondent Mary Rose MacMillian.

The UCC has no relevance to the writ of habeas corpus. Nor is it federal law. *Gilbert v. Monaco Coach Corp.*, 352 F. Supp. 2d 1323, 1329 (N.D. Ga. 2004); *Motorola, Inc. v. Perry*, 917 F. Supp. 43, 48 n.5 (D.D.C. 1996).

Petitioner has failed to show that he is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3). Furthermore, he did not sign the habeas petition, and a layman, such as Mr. Rasheed, may not sign in his behalf. Fed. R. Civ. P. 11(a).

**ACCORDINGLY, IT IS ORDERED AND ADJUDGED** that the application for a writ of habeas corpus [docket entry 1] is summarily dismissed pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases.

**SO ORDERED**.

Dated:   October 12, 2005              s/Paul V. Gadola
                                        HONORABLE PAUL V. GADOLA
                                        UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   October 13, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                                                                                                                    ,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:   Garnell McAfee; Hakeem Rasheed         .

                                                              s/Ruth A. Brissaud
                                                              Ruth A. Brissaud, Case Manager
                                                              (810) 341-7845